UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CLARISSA NAPOLEON,

                              Plaintiff,          Case # 18-CV-180-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Clarissa Napoleon brings this action pursuant to the Social Security Act seeking review of the denial of her Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 25, 2014, Napoleon protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 186-92. She alleged disability since August 25, 2013 due to muscle spasms in her back, paranoia, schizophrenia, post-traumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder. Tr. 115-16. On August 11, 2016, Napoleon and a vocational expert ("VE") testified via videoconference before Administrative Law Judge Lynette Gohr ("the ALJ"). Tr. 79-113. On November 4, 2016, the ALJ issued a decision finding Napoleon

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

1

not disabled. Tr. 10-24. On December 6, 2017, the Appeals Council denied Napoleon's request for review. Tr. 1-6. On February 2, 2018, Napoleon filed this action that seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Napoleon's claim for benefits under the process described above. At step one, the ALJ found that Napoleon had not engaged in substantial gainful activity since the application date. Tr. 12. At step two, the ALJ found that Napoleon has the following severe

3

impairments: PTSD, bipolar disorder, anxiety, depression, asthma, lumbago, and obesity. Tr. 12-13. At step three, the ALJ found that these impairments, alone or in combination, do not meet or medically equal any Listings impairment. Tr. 13-15.

Next, the ALJ determined that Napoleon retains the RFC to perform light work[2] but must avoid concentrated exposure to dust, fumes, odors, and pulmonary irritants. Tr. 15. As to her mental capacity, the ALJ found that Napoleon can perform simple, routine tasks and make simple work-related decisions; can tolerate only minimal changes in work routines and processes; can interact with supervisors and co-workers frequently and the public occasionally; and cannot work in teams or in tandem or meet strict production quotas. *Id.*

At step four, the ALJ noted that Napoleon has no past relevant work. Tr. 22. At step five, the ALJ found that Napoleon can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 22-23. Specifically, the VE testified that Napoleon could work as a housekeeper, mailroom clerk, and stock checker. Tr. 23. Accordingly, the ALJ concluded that Napoleon was not disabled. Tr. 23-24.

**II.     Analysis**

Napoleon argues that remand is required because the physical RFC determination lacks substantial evidence.[3] ECF No. 8-1 at 12-16. Specifically, Napoleon argues that the ALJ used her lay opinion to craft the RFC without a function-by-function assessment after she discounted the

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

[3] Napoleon advances another argument that she believes requires reversal of the Commissioner's decision. ECF No. 8-1 at 16-20. The Court will not reach that argument because it remands based on the improper physical RFC determination.

opinion of consultative examiner Michael Rosenberg, M.D. The Court agrees that remand is warranted.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).

"[A]n RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis; it is only after that may RFC be expressed in terms of the exertional levels of work." *Hurley v. Colvin*, No. 6:17-CV-06031(MAT), 2018 WL 1250020, at *3 (W.D.N.Y. Mar. 12, 2018) (citing S.S.R. 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) (quotation marks and alterations omitted)). A function-by-function analysis requires an assessment of the "claimant's ability to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately." *Id.*

Remand is not required, however, simply because the ALJ did not conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* (collecting

5

cases). But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

On October 7, 2014, Dr. Rosenberg examined Napoleon. Tr. 532-36. He opined that Napoleon has "moderate to severe restrictions for any activities that involve[] prolonged standing, walking, squatting, bending, heavy lifting, and carrying due to her back pain." Tr. 535. Dr. Rosenberg also opined that Napoleon has "moderate to severe restrictions" for carrying heavy objects, performing overhead activities, pulling, pushing, reaching, and repetitively using her arms. *Id.* Finally, he indicated that Napoleon should avoid smoke, dust, or other known respiratory irritants because of her asthma. *Id.* Dr. Rosenberg's opinion is the only medical assessment of Napoleon's ability to perform physical work-related activities.

The ALJ afforded only "little weight" to Dr. Rosenberg's opinion;[4] the ALJ indicated that Napoleon must avoid concentrated exposure to dust, fumes, odors, and pulmonary irritants but otherwise seemed to reject Dr. Rosenberg's findings. The ALJ found Dr. Rosenberg's opinion "predominantly inconsistent with the clinical evidence of record, which shows that [Napoleon] was not as limited as [Dr. Rosenberg] opined in standing, walking, squatting, lifting, carrying, reaching, pushing, pulling, or using her arms." Tr. 20.

It is unclear to the Court, however, how the ALJ made this determination. The ALJ did not cite any record evidence when she concluded that Napoleon "was not as limited" as Dr. Rosenberg opined in the relevant functions. Instead, she seems to rely on her prior discussion of treatment notes that, in her view, show only "little evidence of objective findings" and "relatively

---

[4] When the ALJ evaluated Dr. Rosenberg's opinion, she was to consider: (1) whether Dr. Rosenberg examined Napoleon; (2) whether Dr. Rosenberg and Napoleon had a treating relationship and the length, nature, and extent of that relationship; (3) whether Dr. Rosenberg's opinion is supported by relevant evidence and is well-explained; (4) whether Dr. Rosenberg's opinion is consistent with the record as a whole; (5) whether Dr. Rosenberg is a specialist opining about medical issues related to his area of expertise; and (6) any other factors that tend to support or contradict Dr. Rosenberg's opinion. 20 C.F.R. § 416.927(c)(1)-(6).

benign physical examination results." *Id.* The ALJ notes, for example, that Napoleon's MRIs and x-rays showed only "minimal" or "normal" results; she had only "moderately limited range of motion of the lumbar spine"; she showed no step-off, bilateral swelling, or instability; and she had a "well-balanced gait." Tr. 16-17.

Although it seems that the ALJ implicitly determined that these findings meant Napoleon could perform light work, she did not provide any explanation in that regard or perform a function-by-function assessment—this was error. *See Hurley*, 2018 WL 1250020, at *3 (remanding in part because the ALJ did not perform a function-by-function assessment or mention the exertional requirements of light work); *see also Cole v. Colvin*, No. 6:14-cv-6677(MAT), 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) (remanding where "the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work").

Without a function-by-function assessment, it is unclear how the ALJ determined that Napoleon could perform light work, because Dr. Rosenberg found her to have "moderate to severe restrictions" for prolonged standing and walking. This opinion conflicts with light work, which "requires a good deal of walking or standing" or "sitting most of the time." S.S.R. 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983); *see also* 20 C.F.R. § 416.967(b). But a claimant is not necessarily disabled simply because she is moderately limited in sitting or standing. *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014). In fact, "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." *Id.* (citations omitted).

Under these circumstances, however, the ALJ must "discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light work." *Id.* (citation omitted); *see also Toomey v. Colvin*, 15-CV-730-FPG, 2016 WL 3766426, at *4 (W.D.N.Y. Aug. 3, 2016) (remanding where the ALJ failed to reconcile his finding that plaintiff could perform sedentary work with a medical opinion that she was "moderately limited in sitting for a long time").

Here, the ALJ did not explain how Napoleon could perform light work even though Dr. Rosenberg found her moderately limited in standing and walking. Instead, the ALJ discounted Dr. Rosenberg's opinion because she found it "vague." Tr. 20. Instead of contacting Dr. Rosenberg for clarification, the ALJ faulted him for not adequately defining the terms "moderate" or "severe" or specifying how much weight Napoleon could lift, carry, push, and pull or how long she could stand and walk. *Id.*

Under the circumstances discussed above, the ALJ's failure to conduct a function-by-function analysis leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment lacks substantial evidence and that remand is required. On remand, the ALJ should seek clarification from Dr. Rosenberg about his opinion or obtain a new medical opinion as to Napoleon's ability to perform work-related activities.

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 29, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court